IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD SATISH EMRIT, | ) CIVIL NO. 18-00436 HG-RLP |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION THAT |
| | ) THE DISTRICT COURT GRANT |
| vs. | ) PLAINTIFF'S APPLICATION TO |
| | ) PROCEED WITHOUT PREPAYING FEES |
| SAINT ROSE DE LIMA HOSPITAL, | ) AND DISMISS THE COMPLAINT |
| | ) WITHOUT PREJUDICE |
| Defendant. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT
GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING
FEES AND DISMISS THE COMPLAINT WITHOUT PREJUDICE[1]

Before the Court is Plaintiff Ronald Satish Emrit's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), filed on November 9, 2018. ECF No. 3. As discussed below, the Court FINDS AND RECOMMENDS that the district court GRANT Plaintiff's Application and DISMISS this action without prejudice.

DISCUSSION

**I. The Court RECOMMENDS that the District Court GRANT Plaintiff's Application.**

Courts may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

that the person is unable to pay such fees.  28 U.S.C. § 1915(a)(1).  For purposes of determining whether to grant an application to proceed without prepayment of fees, "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (internal quotations omitted).

Here, Plaintiff's Application states that he receives $805 a month in disability payments and has $730 in monthly expenses.  ECF No. 3 at 1-5.  Based on the information provided in Plaintiff's Application, the Court finds that Plaintiff has demonstrated that he is unable to pay court fees at this time and RECOMMENDS that the district court GRANT his Application.  See 28 U.S.C. § 1915.

**II.   The Court RECOMMENDS that the District Court DISMISS Plaintiff's Complaint WITHOUT PREJUDICE.**

The Court must subject each civil action commenced pursuant to Section 1915(a) to mandatory screening and order the dismissal of any claim that it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not

2

only permits but requires" the court to dismiss a § 1915(a) complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners). Because Plaintiff is appearing pro se, the Court liberally construes his Complaint. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Here, Plaintiff asserts various claims against Defendant Saint Rose de Lima Hospital related to events that occurred in 2016 or 2017. ECF No. 1. Plaintiff alleges in his Complaint that he is a resident of Nevada. Id. ¶ 4. Plaintiff alleges that Defendant's principal place of business is Nevada. Id. ¶ 5. The factual allegations giving rise to Plaintiff's claims also occurred in Nevada. Id. ¶¶ 14-28.

Under 28 U.S.C. § 1391, a civil action may be filed in a judicial district in which any defendant resides or in a judicial district in which a substantial part of the events giving rise to the claim occurred. See 28 U.S.C. § 1391(b)(1), (2). If there is no district in which an action may otherwise be brought, an action can be filed in any judicial district in which any defendant is subject to personal jurisdiction. See 28 U.S.C. § 1391(3). Based on Plaintiff's Complaint, it appears that Defendant resides in Nevada and all of the events giving rise to the claims occurred in Nevada. See ECF No. 1. There is no indication in the Complaint that any events occurred in Hawaii or

that any defendant may be subject to personal jurisdiction in Hawaii.  Id.  Accordingly, the District of Hawaii is not the proper venue for Plaintiff's Complaint.

Under 28 U.S.C. § 1406(a), if a case is filed in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  A court should examine a plaintiff's claim to determine whether the interests of justice require transfer instead of dismissal.  See, e.g., King v. Russell, 963 F.2d 1301, 1305 (9th Cir. 1992).  Here, based on the information in the Complaint, it is not in the interests of justice to transfer this action.  There is no indication that Plaintiff would be time barred from re-filing this action in another venue.  In these circumstances, the Court finds that it is not in the interests of justice to transfer this action.  Accordingly, the Court RECOMMENDS that the district court DISMISS WITHOUT PREJUDICE the present action for want of venue.  Plaintiff may pursue his claims in the proper court.

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court:

1) GRANT Plaintiff's Application to Proceed Without Prepayment of Fees; and

2) DISMISS Plaintiff's Complaint WITHOUT PREJUDICE.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, NOVEMBER 19, 2018.



Richard L. Puglisi
United States Magistrate Judge

**EMRIT v. SAINT ROSE DE LIMA HOSPITAL; CIVIL NO. 18-00436 HG-RLP; FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND DISMISS THE COMPLAINT WITHOUT PREJUDICE**